UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NAJAI FREEMAN, individually and on behalf of all other similarly situated persons,

Plaintiffs,

-v-

TRIUMPH HOSPITALITY, LLC, et al.,

Defendants.

25-CV-09312 (JAV)

MEMORANDUM OPINION AND ORDER

JEANNETTE A. VARGAS, United States District Judge:

On September 1, 2026, the parties in this action, brought under the Fair Labor Standards Act ("FLSA"), advised the Court that they had agreed to a settlement. ECF No. 24. By order entered September 4, 2026, Magistrate Judge Moses directed the parties to submit a joint letter demonstrating that the proposed settlement is fair and reasonable and should be approved with reference to the factors set forth in *Wolinsky v. Scholastic, Inc.*, 900 F. Supp. 2d 332, 335-36 (S.D.N.Y. 2012), and pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015). ECF No. 26 at 1.

The Court, having reviewed the parties' joint letter-motion dated October 5, 2026, ECF No. 27, finds that the information contained therein is incomplete. Accordingly, the Court declines to approve the parties' proposed settlement of Plaintiff's FLSA claims, *see* ECF No. 27-1, unless and until the parties supply further information about the separate settlement of Plaintiff's non-FLSA claims, to which the parties have reportedly agreed. *See* ECF No. 27 at 1.

## PROCEDURAL HISTORY

This action was commenced on November 7, 2025, as a proposed collective action pursuant to the FLSA, New York Labor Law ("NYLL"), New York State Human Rights Law

("NYSHRL"), and New York City Human Rights Law ("NYCHRL"). ECF No. 1 ("Complaint"), ¶¶ 1-7. Plaintiff alleges that from June 2024 through January 2025 she was employed as a Guest Relations Ambassador for Defendant Triumph Hospitality, LLC ("Triumph") at the Iroquois Hotel in Manhattan. *Id.*, ¶¶ 14-16. The Complaint asserted, *inter alia*, that Defendants violated the overtime provisions of FLSA and NYLL, discriminated against Plaintiff on the basis of her race in sex in violation of NYSHRL and NYCHRL, and terminated Plaintiff's employment in retaliation for reporting Defendants' overtime violations and discriminatory actions in violation of NYLL, NYSHRL, and NYCHRL. *Id.*, ¶¶ 129-83.

The parties' joint letter-motion seeks the Court's approval for their settlement of Plaintiff's wage-and-hour claims only. *See* ECF No. 27 at 1. The joint letter-motion represents that Plaintiff's "individual discrimination, hostile work environment, and retaliation claims under the NYSHRL and NYCHRL . . . have been resolved by a separate agreement and will be dismissed by separate stipulation." *Id.* Attached as Exhibit 1 is the proposed settlement agreement releasing Plaintiff's wage-and-hour claims against all Defendants in exchange for $10,000, of which $3,333.33 is allocated to Plaintiff's attorney for fees and costs pursuant to a 3.33% contingency fee agreement. *Id.* at 4; *see also* ECF No. 27-1 at 1. The separate agreement resolving Plaintiff's other claims is not attached.

**DISCUSSION**

In *Cheeks v. Freeport Pancake House, Inc.*, the Second Circuit established that the FLSA prohibits voluntary dismissal of FLSA claims pursuant to Rule 41 without judicial approval of the underlying settlement agreement. 796 F.3d 199, 205-06 (2d Cir. 2015). Judicial review is required because "low wage employees, even when represented in the context of a pending lawsuit, often face extenuating economic and social circumstances and lack equal bargaining

power; therefore, they are more susceptible to coercion or more likely to accept unreasonable, discounted settlement offers quickly." *Id.* at 205 (quoting *Socias v. Vornado Realty L.P.*, 297 F.R.D. 38, 40 (E.D.N.Y. 2014)). Private settlements would therefore circumvent the FLSA's deterrent effect and allow employers to avoid compliance with the statute. *Id.* at 205-06. The Second Circuit noted the high potential for abuse in such settlement agreements, which may include "highly restrictive confidentiality provisions . . . in strong tension with the remedial purposes of the FLSA," as well as overbroad releases and disproportionate fee awards. *Id.* at 206 (citation omitted). The Second Circuit concluded that "Rule 41(a)(1)(A)(ii) stipulated dismissals settling FLSA claims with prejudice require the approval of the district court . . . to take effect." *Id.*

The Court therefore "must scrutinize the settlement agreement to determine that the settlement is fair and reasonable." *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (citations omitted). "The ultimate question is whether the proposed settlement reflects a fair and reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching." *Id.* (citations and quotation marks omitted). "District courts typically evaluate the fairness of a settlement agreement by considering the factors outlined in *Wolinsky*, which include, among others: '(1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.'" *Fisher v. SD Prot. Inc.*, 948 F.3d 593, 600 (2d Cir. 2020) (citing *Wolinsky*, 900 F. Supp. 2d at 335-36).

It remains an open question in the Second Circuit to what extent "bifurcated settlements," in which FLSA and non-FLSA claims are settled via separate agreements, require judicial approval. *See id.* at 607 n.12 ("We do not have . . . a bifurcated settlement before us and thus we do not decide whether the settlement of state law claims paired with FLSA claims requires judicial approval."). Some courts have approved agreements settling FLSA claims without reviewing separate agreements settling non-FLSA claims. *See, e.g.*, *Yunda v. SAFI-G, Inc.*, No. 15-CV-08861, 2017 WL 1608898, at *2 (S.D.N.Y. Apr. 28, 2017) (declining to examine NYLL settlement agreement); *Abrar v. 7-Eleven, Inc.*, No. 14-CV-06315, 2016 WL 1465360, at *1 (E.D.N.Y. Apr. 14, 2016) (declining to require parties to submit NYLL settlement agreement). Other courts have required the parties to submit both the FLSA and non-FLSA agreements for review or to combine them into a single agreement. *See, e.g.*, *Bazile v. Asset Prot. Grp. LLC*, No. 18-CV-06820 (DLI) (SJB), 2019 WL 7985168, at *4 (E.D.N.Y. Nov. 27, 2019) (requiring parties to publicly file NYLL settlement agreement); *Hotaranu v. Star Nissan Inc.*, No. 16-CV-05320 (KAM) (RML), 2018 WL 1136528, at *1-2 (E.D.N.Y. Feb. 27, 2018) (requiring parties to submit NYLL agreement or to execute and submit single agreement); *Torres v. Mc Gowan Builders*, No. 18-CV-06099 (RML), 2020 WL 5369056, at *4 (E.D.N.Y. Sept. 8, 2020) (requiring parties to execute and publicly file single agreement for review after *in camera* review of NYLL agreement revealed troubling provisions).

In the present case, it is impossible for the Court to determine whether the parties' settlement contains the type of "highly restrictive confidentiality provisions" or other objectionable terms that *Cheeks* forbids. *Cheeks*, 796 F.3d at 206. The court in *Torres*, for instance, found a "sweepingly broad confidentiality provision," "a very broad mutual non-disparagement provision," and "a general release of claims" in the parties' non-FLSA settlement

agreement, all of which "would be impermissible if included in the FLSA settlement agreement." *Torres*, 2020 WL 5369056, at *2-3. Because of the high potential for abuse in FLSA settlements that this Circuit recognized in *Cheeks*, the Court must be assured that the *entire* settlement "reflects a fair and reasonable compromise of disputed issues" before approving it. *Wolinsky*, 900 F. Supp. 2d at 335 (cleaned up).

**CONCLUSION**

For the foregoing reason, the Court declines to approve the parties' proposed wage-and-hour settlement as fair and reasonable under *Cheeks*. The parties are directed to either (1) submit the non-FLSA settlement agreement *ex parte* to the Court for review or (2) execute one settlement agreement of all FLSA and non-FLSA claims and submit it to the Court for review.

SO ORDERED.

Dated: November 18, 2026
New York, New York

JEANNETTE A. VARGAS
United States District Judge